**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **REGINALD BYRD,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LOUIS FOLINO,** | : | |
| **Defendant.** | : | **NO.  12-451** |

---

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                                                    **February  9, 2012**

      Plaintiff, Reginald Byrd, filed a petition for *habeas corpus* relief in this Court,

challenging his state court conviction.  The *habeas* action was docketed at Civil Action No. 10-

1700.  By order dated January 12, 2012, the Court approved and adopted the Report and

Recommendation of Magistrate Judge Rapoport and dismissed the *habeas* petition without

prejudice so that Mr. Byrd could exhaust his remedies in state court (where he has filed a PCRA

petition).  On January 27, 2012, the Clerk of Court received the following documents from Mr.

Byrd, who is proceeding *pro se*:  a civil action complaint, an application to proceed without

prepaying fees or costs, and a motion seeking relief pursuant to Federal Rule of Civil Procedure

60(b)(6).  The Clerk of Court has assigned these documents to the above-captioned, new Civil

Action, No. 12-451.

      In the complaint, which was filed on the standard form made available by the Clerk's

Office to *pro se* plaintiffs, Mr. Byrd alleges that he is innocent of the criminal charges brought

against him and that the defendant, the warden of the prison where Mr. Byrd was incarcerated,

therefore held him unlawfully.  Under the section of the form complaint that directs the plaintiff

to state the relief sought, the plaintiff wrote only: "Reverse the order of the district court,"

presumably referring to the January 12 order.  The motion for Rule 60(b)(6) relief refers directly

to the dismissal of the *habeas* petition, contending that the issues raised in the *habeas* petition are

not under review in any other court or cognizable in a PCRA petition.

As it appears that Mr. Byrd is unable to afford the filing fee, the application to proceed

without prepaying fees or costs will be granted.[1]  However, the complaint will be dismissed for

failure to state a claim, and the motion under Rule 60(b)(6) will be denied as it attempts to

relitigate issues already decided by this Court.

Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate

that the conviction or sentence has already been invalidated."[2]  Here, the complaint rests entirely

on the allegation that Mr. Byrd was wrongly convicted and sentenced, but Mr. Byrd does not and

cannot allege that his conviction and sentence have been invalidated.  The complaint will be

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]  Because any amendment would be futile,

the complaint will be dismissed with prejudice.[4]

The motion pursuant to Rule 60(b) will also be denied.  As set forth in the Report and

Recommendation in Civil Action No. 10-1700, before he can pursue a federal *habeas* action, Mr.

Byrd must exhaust all of his claims, including federal constitutional claims, through the

appropriate state-court proceedings.  Petitioner's motion is an attempt to relitigate arguments

---

[1] According to the submitted documents, Mr. Byrd is on parole at this time and is not incarcerated. Therefore, the provisions of 28 U.S.C. § 1915(a)(2) and (b) do not apply.

[2] Heck v. Humphrey, 512 U.S. 477, 487 (1994).

[3] The statue provides that a proceeding *in forma pauperis* may be dismissed at any time if the court determines that the action fails to state a claim on which relief may be granted.

[4] In addition, the plaintiff's statement that he wishes to "reverse the order of the district court" is not an appropriate request for relief in a complaint.

already considered and rejected by the Court.  Mr. Byrd has not demonstrated mistake, fraud, or any other reason that justifies relief.[5]

An appropriate order will be entered.

---

[5] <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531 (2005).